Chancellor Rutledge
delivered the decree of the Court:
The complainant’s bill is for the purpose of obtaining payment of a legacy of 1000Z. and several negroes be-1ueathed her by her grandfather, J. Collins, and to be quieted in the possession of the real estate of the testator, as heiress at law; and that they may receive the profits thereof, until the person comes in esse, to whom it is limited on a certain contingency. The defendant, execu-t0r of Collins, demurs to the bill for two causes: First, because the complainant Mary is not entitled till she a^a*ns twenty-one years, to the legacy; it being limited over, in case she dies before that, age, without having ^ssue: And secondly, because the limitation over of the remainder of the real and personal estate (devised and bequeathed to testator’s daughter, Eliza Collins, but if she should die without a son who should be named J. Collins, to the eldest son of his granddaughter Mary Collins, one of the complainants, who should be named J. Collins,) although depending upon a possibility, yet not being too remote, is valid and operates to create a trust, both in the real and personal estate, in the executor, to answer the intention of the testator. This cause came , , , _ , „ on to he argued upon the demurrer. 1 he first cause of demurrer ivas however but slightly touched upon, the defendant’s counsel declaring Ms client was satisfied to pay the legacy, and give up the possession of the ne-groes, if the court thought proper to decree it, on condi- *571 lion that security be given by the complainants, to refund the money and return the negroes, if the complainant Mary did not attain her full age, or leave issue. As the court on a petition preferred some time ago by the father of the complainant, for an allowance to be made her out of the interest of the legacy, for maintenance and educa. cation, directed that she should have the whole interest of the lOOOi. for that purpose, we are of opinion and decree, that the 1000Í. should be paid, and the possession of the negroes be given up to the complainants, Mr. Shac-kleford and Mary his wife, on his giving security to be approved by the master, to refund the money and return the negroes, if it should be so directed at a future day, by the decree of this court. Upon arguing the second cause of demurrer, the merits of the case have been fully gone into, and the doctrine of executory devises and contingent remainders elaborately discussed; but we think that it would be premature to determine in this case, the question whether this is an executory devise, or a contingent remainder; because the rights of persons would be implicated, in such determination, who are not before the court. The only point therefore that we think proper for consideration on the present occasion is, what is to become of the profits of the real and personal estate, till the person who is to take the principal, on the limitation over, is known; it being contended on the part of complainants that the descent of the real estate is cast by operation of law, on the complainant Mary, who is now the heir at law, at least by necessary implication; no person being designated by the will to take in the mean time. Upon reference to the will, although it is somewhat obscurely worded, in the devise to his daughter E. Collins, and also in the limitations over to the eldest son of his granddaughter Mary Collins, it is nevertheless sufficiently plain and clear, to shew that the testator did not intend that his granddaughter should take any part of the remainder of his real and personal estate, in any event whatsoever. In one clause he has made what we suppose he thought an ample provision for her, in the bequest of the 10001. and six negroes; and in the ipune.- *572 diate subsequent clause, lie devised to Ms daughter, who was his heir at law, all the remainder of his real and personal estate, to her and the heirs of her body for ever, with a proviso, that if she should die leaving no lawful heir or heirs of her body, then he gave the said remain-¿|er, Qf ]jjs estate real and personal, to his granddaughter Mary’s eldest son, who shall he named J. Collins. The testator having made provision for his granddaughter in a former clause of his will, and passed her by in this, it is evident he did not intend that she should ever take any part of this remainder of his estate, because he absolutely disposed of the whole of it: and to whom? In the first' instance to his heir at law, who would undoubtedly bo entitled to the rents and profits. If the heir at law dies without lawful heirs of her body, the testator lias devised all the remainder of his real and personal estate to the eldest son of his granddaughter who should he named J. Collins. The testator having then by his will disposed of his whole interest in the estate to the heirs, there is nothing remains to descend to the person who accidentally might become his heir at law, on the death of the residuary devisee, in which event the limitation over was to take place. By a plain and necessary construction of the will therefore, the intermediate profits of the real and personal estate so devised on contingency, must go to the person who will take the remainder of the estate; and the court will extend the trust which the executor has in the whole of the testator’s real and personal estate, and which was created in him for the purpose of paying debts and legacies, in order to effectuate the intent of the testator, and carry it into execution, which would otherwise be defeated.
It is therefore ordered, that the demurrer in this cause so far as relates to the income of the real and personal estate be sustained; and that complainants do forthwith deliver up the possession thereof to the defendant, for the purposes aforesaid. And the said defendant is hereby ordered and decreed to account for the profits of the said estate, which he lias heretofore received; and likewise to account annually before the master for the *573 profits which he shall hereafter receive; and that he do place the monies arising therefrom at interest, on seen-rity to be approved by the master, for the. benefit of such person or persons, as may eventually be entitled to the principal of the said real and personal estate. The complainant to pay his own costs, and the defendant’s to be paid out of the estate.